UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>vs.<br>EMILY NELSON,<br>    Defendant. | No. 21-1009<br><br>SENTENCING MEMORANDUM |

COMES NOW Defendant and submits the following sentencing memorandum. The sentencing hearing is scheduled for March 22, 2022, at 4:00 p.m.

**Table of Contents**

I.   EXHIBITS ............................................................................................. 2

II.  WITNESSES ........................................................................................ 2

III. ISSUES ................................................................................................ 2

   A.  No guidelines sentencing range issues ......................................... 2

   B.  The two issues identified in final PSIR are not contested ............ 3

   C.  Potential grounds for departure .................................................... 3

1

## I.  EXHIBITS

Ms. Nelson plans on submitting letters in support under seal prior to the sentencing hearing on March 22, 2022.  Counsel will just submit them for the Court's review without marking them as an exhibit.

Ms. Nelson will also submit as an exhibit a copy of the docket entries obtained from Iowa Courts online in Dubuque County, Iowa No. FECR139070.  Ms. Nelson was in jail for about 3 months in this case for conduct that was part of the offense conduct of the instant case.  The State case was dismissed and so Ms. Nelson has not received and will not receive any credit for time served for that state charge.

## II. WITNESSES

The defense does not plan to call witnesses.  Ms. Nelson reserves the right of allocation.

## III.  ISSUES

### A. No guidelines sentencing range issues

There are no guidelines sentencing range issues to resolve.  The parties have reached an agreement that a 10-year sentence should be imposed.

### *B. The two issues identified in final PSIR are not contested*

The final Presentence Investigation Report (PSIR), page 29, did identify two issues to be determined. The first pertained to restitution for Joseph Hovenga. The Government is now not seeking restitution for Mr. Hovenga and so that issue is moot.

The second issue identified was whether there should be an upward departure of 18 levels pursuant to USSG §5K2.2 (Physical Injury). Ms. Nelson has agreed to a sentence of 10 years, which is within the range calculated based on an 18-level upward departure, so that is also not an issue at the sentencing hearing.

### *C. Potential grounds for departure*

Ms. Nelson notes that there are potential grounds for departure including whether, on the authority of USSG § 5G1.3(d), the Court should depart from the agreed upon 10-year sentence to account for, as set forth in paragraphs 47 and 48 of the final Presentence Investigation Report, time in jail spent in jail in Dubuque County before she was formally taken into federal custody.

Specifically, Ms. Nelson was arrested on August 13, 2020, and charged with a controlled substance violation in Dubuque County, Iowa, FECR139070. This was, as noted in paragraph 47 of the PSIR, for conduct that was part of the offense conduct in the instant federal case. Ms. Nelson was released on that charge but, as noted in paragraph 48 of the PSIR, subsequently arrested on a warrant on November 11, 2020. The online docket entries for the Dubuque County case show that a warrant issued in that case, that Ms. Nelson was arrested on that warrant on November 11, 2020, and that she was not thereafter released from custody before she appeared in federal court on February 8, 2021.

The final PSIR, paragraph 47, confirms that the Dubuque County case was dismissed on February 8, 2021, when the federal prosecution began, and as a result, Ms. Nelson did not receive any credit for time served in that case. From November 11, 2020, to February 8, 2021, is a period of 89 days.

USSG § 5G1.3(d), is a policy statement. It provides that:

In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently,

4

partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

The application notes for this policy statement references 18 USC § 3585(b), as follows,

To avoid confusion with the Bureau of Prisons' exclusive authority provided under 18 U.S.C. § 3585(b) to grant credit for time served under certain circumstances, the Commission recommends that any downward departure under this application note be clearly stated on the Judgment in a Criminal Case Order as a downward departure pursuant to §5G1.3(d), rather than as a credit for time served.

Upon review of 18 U.S.C. § 3585(b), counsel believes that under the facts of her case the Bureau of Prisons <u>will</u> give her credit for time served in the Dubuque County case prior to February 8, 2021. The statute provides in relevant part that,

**(b)CREDIT FOR PRIOR CUSTODY.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
**(1)** as a result of the offense for which the sentence was imposed; or
**(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

Subsection (b)(2) does appear to apply because the Dubuque County charge is another charge that was filed after commission of the

crime for which she is being sentenced in federal court that has not been credited against another offense.

If the Court concludes otherwise, i.e. that section (b)(2) does not apply, then she requests that the Court depart and reduce her sentence by 89 days to account for the time she was in state prison for the conduct involved in this federal case because she has received no credit for that time served.

Respectfully submitted,

*Mark Meyer*

MARK C. MEYER AT0005269
425 2nd Street SE, Suite 1250
Cedar Rapids, Iowa 52401
(319) 365-7529
legalmail@markcmeyer.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

A copy of this document was served by ☐ mail, ☐ facsimile, ☐ hand-delivery ☒ electronic filing on this 3/15/2022 upon all counsel of record in this case.

*Mark Meyer*

6

Case 2:21-cr-01009-CJW-MAR    Document 54    Filed 03/15/22    Page 6 of 6